The Honorable Stanley Russ State Senator P.O. Box 787 Conway, AR 72032
Dear Senator Russ:
This is in response to your request for an opinion on several questions involving the gross receipts tax authorized under Act 185 of 1965, as amended, which is codified at Arkansas Code of 1987 Annotated 26-75-601, et seq. The specific questions posed are restated as follows:
 (1) Can A.C.A. 26-75-605(a)(2) be changed by local ordinance to provide for at-large members appointed by the aldermen instead of the two (2) members of the governing body provided for therein?
 (2) Can the authority to construct, maintain, repair and operate a convention center (A.C.A. 26-75-606) and the authority to issue bonds (A.C.A. 26-75-607) be omitted by local ordinance?
It is my opinion that the answer to your first question is no. Arkansas Code Annotated 26-75-605, which governs the composition of the advertising and promotion commission, states in pertinent part as follows:
 (a) Any city levying a tax pursuant to this subchapter, in the ordinance levying the tax, shall create a city advertising and promotion commission, to be composed of seven (7) members as follows:
 (1) Four (4) members shall be hotel, motel, or restaurant owners or managers who shall be appointed by the mayor with the approval of the governing body of the city for staggered terms of four (4) years; and
 (2) The remaining three (3) members of the commission shall be the mayor and two (2) members of the governing body of the city selected by the governing body.
The legislature has therefore mandated the membership of two (2) members of the governing body and the mayor. The city cannot, by ordinance, remove or alter this requirement.
The first part of your second question may be resolved by reviewing A.C.A. 26-75-606. This provision states as follows under subsection (a):
 (a)(1) All funds credited to the city advertising and promotion fund pursuant to this subchapter shall be used for advertising and promoting the city and its environs or for the construction, reconstruction, extension, equipment improvement, maintenance, repair, and operation of a convention center in the city, and facilities necessary for, supporting or otherwise pertaining to, a convention center, or for the payment of the principal of, interest on, and fees and expenses in connection with, bonds as provided in this subchapter in the manner as shall be determined by the city advertising and promotion commission.
 (2) The commission is the body that determines the use of the city advertising and promotion fund. Pursuant to this section, if the commission determines that funding of the arts if necessary for or supporting of its city's advertising and promotion endeavors, it can use its funds derived from the hotel and restaurant tax.
It is thus clear under 26-75-606(a)(2) that the use of the advertising and promotion fund is to be determined by the advertising and promotion commission. And one of the stated uses centers on "the construction, maintenance, repair, and operation of a convention center. . . ." It must be concluded that the city governing body does not have the authority to remove this option from the list of uses specified under A.C.A. 26-75-606.
The second part of your final question involves the authority to issue bonds, which is set forth in A.C.A. 26-75-607. This authority is expressed in optional, not mandatory terms. It is therefore clear that the city can exercise discretion under this provision and decline to approve a bond issue. However, it is my opinion that a city ordinance purporting to prospectively prohibit bond issues would be subject to challenge as contrary to State law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.